10159

SPRADLEY v. GEORGIA HOME INS. CO.

(98 S. E. 285.)

1. INSURANCE — WAIVER OF CONDITION IN FIRE POLICY — EVIDENCE.—
What insured told agent of company with reference to ownership of land upon which house stood *held* insufficient to authorize submission to jury of question whether company waived provision of fire policy, that it should be void if building insured was on ground not owned by insured in fee.

2. INSURANCE—FIRE INSURANCE—MISLEADING STATEMENTS OF INSURED.—
Where fire policy, providing that it should be void if insured building was on ground not owned by insured in fee, was obtained by misleading statements as to ownership of land, there could be no recovery.

3. INSURANCE — FIRE INSURANCE — DIVISIBLE POLICY.—Policy providing that insurer undertakes to insure at a certain rate on the hundred, and that insurance is intended to be $700 on frame building and $300 on piano, is divisible, and the fact that insured was not sole and unconditional owner of personal property as required by policy, will not defeat recovery for destruction of building by fire.

Before MOORE, J., Aiken, —— term, ——. Reversed.

Action by M. W. Spradley against the Georgia Home Insurance Company. Judgment for plaintiff, and defendant appeals.

The following are the reasons of the lower Court for holding the policy divisible:

The defendant contends that the policy stipulates, that the entire policy shall be void if the title to the property covered thereby is not in the party insured. It seems to me that where the policy reads as it does here, that the insurer is undertaking to insure at a certain rate stated in the policy, as $1.50 on the hundred, and where the policy states that the insurance is intended to be $700 on the frame building, and $300 on the piano, that those are separate items of insurance, and that the fact that the policy provides with reference to personal property that the party must be the sole and unconditional owner of the personal property, when he cannot recover upon that, that does not make that an entire contract so as to defeat any right of recovery on account of the $700 insurance on the building. In other words, I think the policy is susceptible of division on its face, and there is nothing to show, and on the contrary, the inference is, that they were insuring those as to separate items of insurance, and the rate being stated, the fair conclusion from the terms of the policy is that rate applied to $700 on the building, at $1.50 per hundred, and insurance on the piano at the same rate. Consequently I overrule the motion for a nonsuit or direction of a verdict upon that ground.

*Messrs. Henderson,* for appellant, submit: *That the policy was indivisible and an entirety:* (Ga.) 78 Am. St. Rep. 325; 1 Wood on Fire Ins. 384; Ostrander on Fire Insurance, 2d Ed., sec. 23; 14 R. C. L., sec. 114, and authorities cited in footnote to this text; 60 Rep. 689 (Ind.); 93 Am. St. Rep. 266; 119 Am. St. Rep. 246; Am. Cas. 1912 C. F. 985; 12 Am. St. Rep. 393 (Ind.); 50 Am. St. Rep. 182 (Arkansas); 73 N. Y. 642; 29 Am. St. Rep. 906 (Wis.); Freeman's Notes, 74 Am. Dec. 498; May on Insurance, sec. 277; Flanders on Insurance 331; 74 Am. Dec. 495 (N. Y.); 81 Am. Dec. 562 (Me.); 51 Am. St. Rep. 457 (Md.); 78 Am. Dec. 216 (Ga.); 2 S. E. 61 (N. C.); 100 Am. St. Rep. 663

(Ohio); Ann Cases 1913, 1301; 3 Brevard (5 S. C. L.), p 522; 100 S. C. 47; 102 S. C. 115; 106 S. C. 471.

*Messrs. Croft & Croft,* for respondent, submit: *That the contract between the parties was severable and divisible:* 19 Cyc. 674; 94 S. C. 302; 27 Neb. 527; 20 A. S. R. 699, 700; 73 N. Y. 463; 29 Am. Rep. 184; 48 Kansas 488; 30 Am St. Rep. 313; 116 Iowa 625; 42 Missouri 126; 15 N. Y. 9; Parsons on Contracts, 5th Ed. 457; 40 Mo. 552; 42 Mo 126; 97 A. D. 325, 327; 32 Nebraska 750; 29 Am. St. Rep. 459; 121 Mo. 75; 42 Am. St. Rep. 529; 17 Mo. 247; 42 Mo 126; 97 Am. Dec. 325; 121 Mo. 75; 42 Am. St. Rep. 527, 528.

February 10, 1919.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This action is on an insurance policy. The policy covered a home and a piano. The home was situated on the property of another than the insured, and the piano was the property of another. The undisputed testimony establishes these facts. The building was erected under a verbal lease for three years. It does not appear that there was any stipulation therein permitting the insured to remove the building. The case was tried before Judge Moore, and a jury, at the April term of Court, 1918, for Aiken county. During the trial the issue of waiver as to the house arose. After all of the evidence was in the defendant made a motion for a directed verdict in its behalf. His Honor directed a verdict as to the claim for loss of piano, but refused as to claim for loss of house, but submitted to the jury on this issue the question of waiver. The jury rendered a verdict in favor of plaintiff for $700 and interest. After entry of judgment, defendant appealed, and by four exceptions alleges error in two particulars on the part of Presiding Judge Moore:

First, that he erred in holding that there was sufficient evidence to submit to the jury the question of defendant's knowledge of the ownership of the land, and that he should have directed a verdict for defendant on the whole case.

There is no doubt that the plaintiff breached the condition of his policy as to the ownership of the land upon which the building was situated. There is nothing in the evidence to show a waiver of this condition of policy. Among the conditions that would render the policy void unless provided for by agreement in writing added to the policy is "if the interest of the insured be other than" unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by insured in fee simple, etc.

The insurance company has the right to know what insurable interest the insured had in the property for its own protection, whether in fee simple life estate for a year, or a term of years. Experience teaches us that the owner of a house is more circumspect and careful in looking after it than a tenant or one who leases. There is no question but that moral hazard is much better when the insured is the owner in fee of house insured. The risk is not so great. The agent of the insurance was misled when the insured said that it was part of the Ben Turner land, near the place he called "home." This was simply a designation of its location, and carried with it no notice of ownership. It was the duty of the insured to tell agent whether he owned or leased the land. And he did not tell the agent enough, as to the ownership of the land, for the question of waiver to be submitted to a jury. Under misleading statements, a policy is procured, and a short time afterwards the property is burned and the plaintiff is awarded the full amount of the policy, as if he were the owner in fee.

These exceptions must be sustained.   His Honor should have directed a verdict for defendant as asked for.   The exceptions raising the question that his Honor was in error in holding that the policy was divisible are overruled, for the reason stated by his Honor in his ruling on this question in the Circuit Court.

Judgment reversed.