TRAKAS v. GLOBE & RUTGERS FIRE INS. CO.

(139 S. E., 176)

1. INSURANCE—INSURER'S WAIVER OF "IRON SAFE CLAUSE" AND PROVISION PROHIBITING KEEPING AND USE OF GASOLINE ON PREMISES HELD FOR JURY.—In action on fire insurance policy, evidence *held* for jury on question whether defendant had waived "iron safe clause" of policy and provision prohibiting the keeping and use of gasoline on the premises.

2. INSURANCE—FORFEITURES OF INSURANCE CONTRACTS ARE NOT FAVORED. —It is well settled that forfeitures of insurance contracts are not favored by the Courts.

3. INSURANCE—CONTRACT INSURING STOCK OF MERCHANDISE AND FIXTURES AND FURNITURE HELD NOT INDIVISIBLE, HENCE INSURED COULD RECOVER INSURANCE ON MERCHANDISE, NOTWITHSTANDING VIOLATION

NOTE: On the question affecting divisibility of insurance contracts, see annotation in 51 L. R. A. (N. S.), 1051; 5 A. L. R., 810; 14 R. C. L., 939; 3 R. C. L. Supp., 319; 5 R. C. L. Supp., 789.

OF PROVISIONS AFFECTING ADDITIONAL INSURANCE ON FIXTURES.—
Policy insuring stock of merchandise for $1,000 and fixtures and
furniture in storeroom for $1,500 *held* not an entire and indivisible
contract, and hence insurer's violation of provision limiting addi-
tional insurance on fixtures did not preclude recovery on policy so
far as it covered stock of merchandise.

4. INSURANCE—CONTRACT INSURING DIFFERENT ITEMS SEPARATELY
VALUED OR INSURED IS DIVISIBLE, NOTWITHSTANDING PREMIUM BE
ENTIRE.—Where property insured consists of different items which
are separately valued or insured for separate amounts, the contract
is divisible and a breach of warranty or condition as to one item
will not affect the insurance on the remainder of the property, even
though the premium be entire.

5. TRIAL—INSTRUCTION ON ISSUE OF WAIVER OF RIGHT TO FOREFEITURE
FOR VIOLATION OF POLICY PROVISIONS HELD NOT CHARGE ON FACTS
NOR HARMFUL TO INSURER, WHEN ENTIRE CHARGE CONSIDERED.—In
action involving insurer's waiver of violation of policy provisions,
instruction, "The plaintiff admits   *   *   *   the violation of the
several provisions of the policy, but, said he, by his testimony here,
and through the argument of his counsel, after the defendant be-
came cognizant of those violations of parts of the policy, the de-
fendant waived its right to demand a forfeiture of the policy,"
*held* not a charge on the facts nor harmful to defendant, when
entire charge was considered.

Before S. T. LANHAM, Special Judge, Cherokee, Novem-
ber, 1926.  Affirmed.

Action by S. P. Trakas against the Globe & Rutgers
Fire Insurance Company of New York.   Judgment for
plaintiff, and defendant appeals.

*Messrs. Butler & Hall,* for appellant, cite: *Clause against
over insurance by concurrent policies on same property en-
forced by Courts:* 183 U. S., 308; 46 L. Ed., 213; 4 Joyce
on Ins. (2nd Ed.), 4104; *Breach of condition vitiates policy:*
83 S. C., 262; 100 S. C., 47; 125 S. C., 457.   *Where terms
of policy are plain, definite and certain they will be given full
effect:* 78 S. C., 388; 130 S. C., 383; 131 S. C., 498; 124
S. C., 173.

*Messrs. Brown & Boyd,* for respondent.

*Mr. G. W. Speer,* also for respondent, cites: *Waiver of*
*conditions in policy:* 35 S. E., 572; 126 S. E., 125.   *Sub-*

*stantial compliance with "iron safe" clause sufficient:* 58
S. E., 1135. *Taking of additional insurance renders first
policy voidable at election of company; not void:* 29 S. E.,
655.

August 29, 1927.

The opinion of the Court was delivered by MR. JUSTICE
BLEASE.

From a verdict and judgment for the plaintiff for $1,000,
in an action on a policy of fire insurance, obtained in the
Court of Common Pleas of Cherokee County, with Hon.
S. T. Lanham, Special Judge, presiding, the defendant has
appealed.

The policy provided $1,000 of insurance on a stock of
merchandise, and $1,500 on fixtures and furniture, contained
in the same storeroom, all of which, along with the build-
ing, were totally destroyed by fire.

The defendant asked for a directed verdict in its favor
on the whole case. The trial Judge granted this motion
as to the claim of $1,500 insurance on the furniture and
fixtures, but submitted the claim of $1,000 for the insurance
on the stock of goods to the jury.

A number of the defenses interposed, and some of the
grounds of the motion for a directed verdict are not in-
volved in the appeal, and it would needlessly incumber the
opinion to state them. We refer only to those before this
Court for consideration.

The answer pleaded violation of the terms of the policy
on the part of the plaintiff as to the "iron safe clause," and
the one which prohibited the keeping and use of gasoline
on the premises.

We gather from the record that the breaches of the
written contract, mentioned above, were conceded by the
plaintiff, but he countered with the assertion that, as to
these, there had been a waiver on the part of the defendant.

The essential facts brought out in the testimony, necessary to be stated here, and those upon which plaintiff depends to show waiver, were as follows: Plaintiff, a Greek, had, in Gaffney, a merchantile business similar to those so generally conducted by citizens of the isles where "burning Sappho loved and sang," who have sought, and so often found, fortunes in "the land of opportunity in the West." It was an establishment of this kind, with its fruits, nuts, candies, a "hot dog" stand, and a peanut parcher, with other fixtures, furniture, and merchandise, that was burned, although "Pete," the Greek, emphatically disclaimed any negligence on his part as to the cause of the fire —and there was absolutely no evidence showing that "burning Sappho" had anything to do with the burning. The agent of the insurance company, the defendant here, had his office just two doors from Pete's place. He solicited the insurance and wrote the policy almost a year before the fire occurred. He looked well through all the merchandise and at the fixtures before the policy was written. He knew Pete did not have an iron safe, and was kind enough to offer to keep the insurance policy for the insured in his office, but this offer Pete declined, as he preferred for the paper to be kept in his lock box at the bank. The agent saw the books, invoices, and inventories in the wooden desk on a counter in the front part of the store. The agent and Pete were, evidently, good friends, for the former was in the "candy kitchen" almost every day from the date the policy was delivered until the fire destroyed the insured property. The peanut parcher was operated with gasoline, and a little of that liquid, from 1 to 2 gallons, was kept on hand for that purpose. There was never any complaint from the agent, or any one else, that plaintiff was violating the terms of his policy until after the fire occurred and the plaintiff wanted his insurance money. Pete's testimony must have been true, for the record before us fails to show any denial by any person, and the agent did not testify.

Since a peanut parcher, like an iron safe, is easily seen, it must be apparent that the agent knew that the safe was not in the place of business and that the parcher was there. It is a matter of common knowledge to those who know anything about a Greek "candy kitchen" that a peanut parcher is always put at the front of the store, and, where the municipal authorities will permit, it is put on the street, so that passers-by will inhale the delicious aroma and be tempted to purchase. The agent of the Insurance Company undoubtedly must have known that this parcher was operated with gasoline, for that fluid has an odor peculiar to itself.

It is well established in this State that forfeitures of insurance contracts are not favored by the Courts and the law as to waivers of such forfeitures has been announced many times. We do not think it necessary to undertake a review of all these cases, or feel that it is worth while to even cite them. Under the testimony given, the trial Judge was right in leaving the issue made to the jury for settlement.

The policy of the defendant permitted additional insurance on the fixtures of not exceeding $500, and not exceeding $1,000 on the merchandise. After delivery of that policy, plaintiff procured other insurance with another insurance company to the amount of $1,500 on his fixtures and $1,000 on the stock of merchandise. There was, therefore, according to the terms of defendant's policy, excessive insurance to the amount of $1,000 on the fixtures. The total insurance on the merchandise was within the limitation of defendant's policy. There was no evidence showing any waiver by the defendant as to the forfeiture of the policy on that account. Accordingly, the trial Judge directed a verdict in favor of the defendant as to the insurance carried on the fixtures, and there was no appeal by the plaintiff therefrom.

The defendant, in its answer, and by its motion for a directed verdict, took the position that the policy must be treated as an "entire contract," and that it was not susceptible of being divisible; and, that the procuring of the excessive insurance on the fixtures, without the consent of defendant and without evidence of waiver of the provisions of the contract, worked a forfeiture of the whole policy, and the plaintiff was not entitled to recover even for the insurance on the merchandise. The presiding Judge disagreed with the defendant's view, and his ruling thereupon is questioned in this appeal.

According to Ruling Case Law, "there may be said to be three distinct rules on this question (the divisibility of an insurance contract), each having the support of respectable authority." As stated in this well-recognized authority, the first rule is that:

"Where the amount of insurance is apportioned to distinct items, but the premium paid is gross, the contract is entire."

The second rule is that:

"Where the property insured consists of different items which are separately valued or insured for separate amounts, the contract is divisible, and a breach of warranty or condition as to one item will not affect the insurance on the remainder of the property, even though the premium be entire."

The third rule which is a middle ground between the two doctrines above stated, is that:

"The questions of the severability of the contract in such cases depends upon the nature of the risk; i. e., that where the property is so situated that the risk on one item cannot be affected without affecting the risk of the other items, the policy must be regarded as entire; but where the property is so situated that the risk on each item is separate and distinct from the risk on the other items, so that what affects the risk on one item does not affect the risk on the

others, the policy must be regarded as severable." 14 R. C. L., par. 114, pp. 939-941.

In our opinion, the second rule stated above is the proper and reasonable one, and it has some support in two cases, at least, which have been before this Court, although the exact point seems not to have been decided.

In *Stokes v. Liverpool & London & Globe Ins. Co.*, 130 S. C., 521; 126 S. E., 649, it was held that a single fire insurance policy could be issued to the owner of building and the owner of machinery therein, so as to entitle the two to join in action thereon. Mr. Justice Cothran, in a concurring and dissenting opinion in that cause, said this:

"I do not think that this situation presents any obstacle to either collecting the amount of insurance carried upon their respective properties. 26 C. J., 19, note 13a, citing *Peck v. [New London County Mut.] Ins. Co.*, 22 Conn., 575. It is as if each had taken out a separate policy covering his or her separate property, for it appears that the insurance agent had knowledge of the situation and united both in the same policy as a matter of convenience."

In the case of *Spradley v. Georgia Home Ins. Co.*, 112 S. C., 151; 98 S. E., 285, the policy insured a frame building for $700 and a piano for $300. The Circuit Judge, the late Hon. Ernest Moore, held that the policy was susceptible of division on its face, and the inference was that the insurance was as to separate items. This Court approved the holdings of Judge Moore.

In the case at bar, the plaintiff, in all likelihood, could have received from the defendant two policies of insurance, one on his merchandise, and another on its fixtures and furniture. The company, as a matter of convenience, saw fit to issue him only one policy. Therein, they saw fit to limit the additional insurance, which the insured could obtain, to $1,000 on his merchandise, and $500 on the fixtures and furniture. The insured did not violate the clause as to

additional insurance in so far as the merchandise was concerned, even if he did violate it as to the fixtures. If there had been two policies, one covering the fixtures alone, and the other covering the merchandise alone, while the insured could not recover for the insurance on the fixtures, there could be no question about his right to recover as to the insurance on the merchandise. Therefore, it appears to us that it would be an injustice to hold that, since the company insured both classes of property in the same policy, but stated the items separately, the insured cannot recover for the loss of his merchandise, when he only secured the additional insurance thereon which the defendant's own policy permitted him to do.

Error is also imputed to the trial Judge because in his charge to the jury he used the following language:

"The plaintiff admits, in the testimony here, and in argument, the violation of the several provisions of the policy, but, said he, by his testimony here, and through the argument of his counsel, after the defendant became cognizant of those violations of parts of the policy, the defendant waived its right to demand a forfeiture of the policy."

Careful reading of the whole charge of the trial Judge will show that when he used the language complained of, he was endeavoring to explain to the jury the issues in the cause on trial. It was conceded by both parties to the action that the plaintiff had violated the written conditions of the contract, in that he had not kept an iron safe, and that he had kept and used a small amount of gasoline on the premises, and that he had procured more insurance on his fixtures and furniture than he was allowed to do, all of which the defendant had alleged. The plaintiff claimed, however, that two of these breaches of the policy had been waived by the defendant. The defendant, of course, denied any waiver on its part. The Circuit Judge merely instructed the jury as to the issues before them for settlement. The

entire charge, when taken into consideration, shows that the language complained of was not harmful to the defendant. It was not a charge on the facts, as alleged by the appellant, for, repeatedly, the jury was instructed that the question of waiver was one for them.

It is the judgment of this Court that all the exceptions be overruled, and the judgment of the lower Court be and the same is hereby affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.

MR. JUSTICE COTHRAN (concurring) : But for the cases of *Spradley v. Georgia Home Ins. Co.*, 112 S. C., 151; 98 S. E., 285, and *Royal Ins. Co. v. Martin*, 192 U. S., 149; 24 S. Ct., 247; 48 L. Ed., 385, I would take a different view upon the question of the entirety of the contract. I am constrained by these decisions to concur.