18524

ROBERT E. LEE & CO., Inc., and Dixie Construction Company of Georgia, Inc., Appellants, v. COMMISSION OF PUBLIC WORKS OF the CITY OF GREENVILLE, South Carolina, Respondent.

(149 S. E. (2d) 59)

94

*Messrs. David L. Freeman, Esq.,* of Greenville, and *Hitch, Miller, Beckmann & Simpson,* of Savannah, Georgia, *for Appellant,*

*Messrs. Rainer, Fant & Horton,* of Greenville, *for Respondent,*

June 16, 1966.

Moss, Chief Justice.

It appears from the record that on April 28, 1959, the appellants entered into a contract for the installation of a water pipeline from the respondent's North Saluda Dam to Travelers Rest, South Carolina. The completion date fixed in said contract was June 21, 1960, and it was provided that as against the amount due under said contract the respondent would be entitled to a reduction and offset for any delay in the completion of said contract at the rate of $100.00 per day.

There was included in the complaint here two causes of action. Under the first cause of action the appellants sought to recover the sum of $65,693.29, being the balance due under the contract for the installation of the water pipeline. The second cause of action was one wherein the appellants sought damages occasioned by the breach of an implied warranty in the failure of the respondent to reveal on its plans submitted to the bidding contractors the true subsoil

condition and water level as shown by auger borings made by the respondent through their duly constituted engineers.

The respondent, by its answer to the first cause of action, admitted the making of the contract hereinbefore referred to and that the appellants have partially performed such on their part, but denies the full performance thereof or that any sum was due the appellants at the time of the commencement of this action, for the reason that they have failed to furnish the respondent proof in documentary form prescribed by the contract, showing that all claims, liens, or other obligations incurred by them and all of their subcontractors have been properly paid and settled, or that the respondent has ever accepted or approved the work according to the provisions of said contract. The respondent further alleged that the appellants failed to complete the contract in accordance with the time limit therein prescribed and it was entitled to a reduction and offset against any amount due under the said contract by way of liquidated damages in the sum of $16,217.50, representing 162.175 days delay.

It was provided in the contract between the parties hereto that on completion of the work, "but prior to the acceptance thereof by the owner", the contractor was to furnish proof in documentary form that all claims, liens, or other obligations incurred by him and all of his subcontractors in connection with the performance of the work have been properly paid and settled. It was further agreed that after official approval and acceptance of the work by the respondent, the engineers would be authorized to prepare a final estimate of the work done under the contract and the value thereof. Such final estimate was to be submitted to the respondent within ten days after its preparation had been authorized as aforesaid; and the respondent shall, within thirty days after said final estimate is made and certified, pay the entire sum so found to be due thereunder. It was further agreed that all estimates when approved by the respondent should be conclusive evidence of the work done and materials furnished.

A final estimate of the work done, under the aforesaid contract, was made up by the engineers for the respondent on January 19, 1961, and such was mailed by the respondent to the appellants on January 23, 1961. This final estimate showed the completion of the contract and that the amount due the contractor was $65,067.01. On this final estimate liquidated damages for delay in the performance of the contract by the appellants were calculated to be $16,217.50, leaving an amount due "after all the terms of the contract had been complied with of $48,849.51."

The general manager of the respondent in his testimony said that according to the final estimate made up by the engineers for the respondent, that the appellants were due the sum of $65,067.01 "before the liquidated damages were offset", the amount of such being $16,217.50, leaving the net amount due the appellants of $48,849.51.

It is implicit in this record that there was never any dispute as to the overall amount due by the respondent to the appellants under the terms of the aforesaid contract. There was a dispute concerning the proper number of days delay and occasions therefor for which the respondent was entitled to an offset as liquidated damages under the contract.

This action was tried before The Honorable Louis Rosen, Presiding Judge, and a jury, at the 1964 February term of the Court of Common Pleas for Greenville County and resulted in a verdict for the appellants on the first cause of action in the sum of $54,363.00. A verdict was rendered for the respondent on the second cause of action and a separate appeal is now pending in this Court as to such second cause of action. There was no appeal by the parties to this action from the verdict of the jury in the first cause of action. We are here concerned only with an appeal from the rulings of the trial judge with reference to the first cause of action.

The question of whether the appellants were entitled to interest upon the amount of the verdict upon the first cause of action was, by agreement of counsel, left for determination by the trial judge. It is the position of the appellants that they were entitled to interest upon the amount due them un-

der the first cause of action from December 10, 1960, which was the date the construction work was declared completed by the engineers for the respondent, to the date of the verdict of the jury on February 7, 1964. Interest was denied by the trial judge and this appeal is from his order of denial.

The trial judge held as a matter of law that the appellants were entitled to a verdict against the respondent on the first cause of action in said complaint for a sum of not less than $48,849.51, and not more than $65,693.29. In his charge he said: "The reason I say you must find for the plaintiffs, the defendants admit they owe him $48,849.51 and consents, so to speak, to a verdict in that amount but for nothing more." He also held that the evidence is undisputed that the appellants completed the construction provided for in the contract on December 10, 1960, and that the respondent claims the right to deduct from the amount due the appellants the sum of $16,217.50 as liquidated damages, computing the same in the manner described in the contract at the rate of $100.00 per day for each day of delay in the completion of the contract. He charged the jury that the respondent would be entitled to make this deduction unless the delay of the completion of the contract was caused by the respondent, by the breach of its warranty, or by its failure to furnish pipe for the job, or by its failure to make necessary rights of way available. It thus appears that the trial judge submitted to the jury for its determination the total number of days of delay in the completion of the contract chargeable to the appellants, and directed the jury to deduct from the amount due the appellants by the respondent the sum of $100.00 per day for each day of delay. He charged the jury that such constituted liquidated damages for failure to complete the construction work according to the time schedule provided for in the contract. It is implicit in the verdict of the jury that it did not find that the appellants had delayed completion of the contract for the number of days asserted by the respondent.

When the engineers of the respondent prepared the final estimate showing the amount due the appellants by the respondent upon the contract here involved to

be $65,067.01, such amount became a liquidated one, subject only to a reduction or offset at the rate of $100.00 per day for each day's delay in the completion of the contract by the appellants. We have held that where a construction contract provides for damages for each day after a certain date that the construction remains unfinished the sum so stipulated constitutes liquidated damages. *Carter & Co. v. Kaufman,* 67 S. C. 456, 45 S. E. 1017; *National Loan Exchange Bank v. Gustafson,* 157 S. C. 221, 154 S. E. 167.

The respondent, by its answer, put in issue the appellants' asserted failure to comply with certain contractual requirements claimed to be conditions precedent to the right to demand payment. When the trial judge held as a matter of law and instructed the jury that the appellants were entitled to recover not less than $48,849.51, and not more than $65,-693.29, this necessarily determined that the appellants had complied with all conditions precedent, otherwise no verdict could have been directed in favor of the appellants.

The trial judge held that the appellants were not entitled to recover interest because they had not complied with all conditions precedent outlined in the contract nor was the sum to which they were entitled certain or demandable. This holding of the trial judge was wholly inconsistent with his previous ruling. The conditions precedent set forth in the contract which the trial judge invoked in denying interest were the same conditions which did not prevent the recovery of the balance due by the appellants on the contract. The trial judge could not make factual findings in denying interest which were necessarily contrary to his previous ruling and upon which the jury's verdict had been returned. The right of the appellants to recover interest, if they were otherwise entitled to same, was not precluded by the conditions precedent outlined in the contract. If such was not a defense to the recovery of the amount due under the contract, it would not constitute a defense to the claim for interest.

In *Ancrum v. Slone,* 29 S. C. L. (2 Speers) 594, the Court declared that interest is allowable "if the sum is certain

or capable of being reduced to a certainty, from the time when, either by the agreement of the parties or the construction of law, the payment was demandable." *Leaphart v. National Surety Co.,* 167 S. C. 327, 166 S. E. 415.

In the case of *Columbia Lumber & Mfg. Co. v. Globe Indemnity Co.,* 166 S. C. 408, 164 S. E. 916, this Court said:

"The amounts due to the plaintiffs here under their contracts, if not certain, were at least capable of being reduced to a certainty, and were payable at definite, or definitely ascertainable, dates. Under the authorities cited, the claims would clearly bear interest from their respective due dates, any discounts which might be shown to exist not impairing the claim for interest on the balance, when such balance was adjusted by the finding of the court."

The case of *Tappan v. Harwood,* 29 S. C. L. (2 Speers) 536, was a suit on a building contract for the sum of $15,000-.00 to be paid at various stages of the building, the last installment of $5,000.00 to be paid when the buildings were finished. The defendant claimed that he was entitled to certain discounts by reason of the contractor's faulty workmanship. The question for determination was whether interest could be allowed on this contract by way of damages. The Court, in allowing interest, said:

"* * * By the decisions of this State, wherever a party stipulates in writing to pay money on a certain day, or on the performance of any stipulation or contract, interest is allowed. *Sitar & Price v. Robinson,* 2 Bailey 374; *Dorrill v. Stephens,* 4 McC. 59; *Ryan v. Baldrick,* 3 McC. 498. On the admitted completion and receipt of the buildings, interest would have been unquestionably allowable from the time of completion. The discount claimed by the defendant may reduce the amount covenanted to be paid, but does not impair the claim for interest on the balance, when adjusted by the verdict of the jury."

The case of *Tappan v. Harwood,* was cited with approval in *Hansen v. Covell,* 218 Cal. 622, 24 P. (2d) 772, 89 A. L. R. 670, and it was there held that the amount on which interest is to be computed in assessing damages for failure to

make specified payments under a building contract is the balance remaining after deduction of such offsets to which the owner was entitled on account of defects in the construction.

Where a claim is certain and liquidated but is reduced by reason of the existence of an unliquidated setoff thereto, interest is properly allowable on the balance found to be due from the time it was due and demandable. 30 Am. Jur., Interest, Section 40, at page 37; 47 C. J. S., Interest, § 19 (b), page 31. The right to interest on a claim is not lost because of the existence of an offset which is itself liquidated. *Shore v. Crail,* 50 Cal. App. (2d) 736, 123 P. (2d) 840. It follows that if the claim of the plaintiff is liquidated it matters not whether the offset claimed by a defendant is liquidated or unliquidated and the plaintiff is entitled to interest on the balance found to be due after deduction of such offset.

The contract between the parties to this action provided that the respondent would, within thirty days after a final estimate is made, pay the entire sum so found to be due thereunder. It is undisputed that the final estimate in this case was made by engineers for the respondent on January 19, 1961. Therefore, the respondent was required to make payment of the said final estimate within thirty days thereafter, certainly by February 19, 1961, this being the date on which the appellants had the right to demand payment. The claim of the appellants, having been adjusted and fixed by the jury in the amount of $54,363.00, they were entitled to interest on said amount from February 19, 1961, at the legal rate, to the date of the verdict. The trial judge was in error in not so holding.

The judgment of the lower court is reversed and this case remanded thereto so that an appropriate order may be issued consistent with the views herein expressed.

Reversed and remanded.

Lewis, Bussey and Brailsford, JJ., and Lionel K. Legge, Acting J., concur.