## 21117

Shirley Dillard LLEWELYN, Administratrix of the Estate of Donald L. Dillard, Respondent, v. DOBSON BROTHERS, Appellant.

(262 S. E. (2d) 726)

*Dobson & Dobson,* Greenville, *for appellant.*

*Leatherwood, Walker, Todd & Mann,* Greenville, *for respondent.*

January 14, 1980.

NESS, Justice:

This appeal is from an order awarding respondent, as administratrix of the estate of her father Donald L. Dillard, the proceeds from an insurance policy maintained by appellant Dobson Brothers on his life. We affirm in part and reverse in part.

In 1970, Dobson Brothers purchased a $25,000 double indemnity policy on Dillard's life, naming itself as beneficiary. Dillard then owed appellant approximately $35,000, partially secured by mortgages on some of his real estate.

Dillard sold this property in 1973, the purchaser assuming the mortgages. Appellant nontheless continued to pay all of the premiums on the policy. Upon Dillard's death in 1976, appellant received $51,100 in proceeds and accrued interest and dividends. Respondent requested all of the proceeds in excess of any debt still owed appellant be turned over to the estate. Appellant refused and this action ensued, resulting in a special jury verdict for respondent.

Appellant first argues it is entitled to the proceeds since it secured the policy and paid all the premiums. We disagree.

In *Chapman v. Scott,* 234 S. C. 469, 109 S. E. (2d) 1 (1959), this Court held that the question whether a creditor named as beneficiary in an insurance policy on its debtor's life is entitled to the full or lesser amount of the proceeds depends upon the parties' intent, particularly that of the insured. Here there was nothing to show the insured's intent other than his assent to appellant's purchase of the policy. There was substantial testimony from one of appellant's partners that the policy was obtained to provide additional security in the event of Dillard's default. Under these facts, we hold the trial court did not err in awarding respondent the proceeds in excess of premiums paid by appellant plus interest, to the date of judgment.

Appellant next asserts error in awarding respondent interest on the proceeds from the date the complaint was filed. We agree.

In the absence of agreement or statute, interest is not recoverable on an unliquidated demand. *Robert E. Lee & Co., Inc. v. Comm. of Public Works of the City of Greenville,* 248 S. C. 92, 149 S. E. (2d) 59 (1966); *Ancrum v. Slone,* 29 S. C. L. (2 Speers) 594 (1844); 47 C. J. S.

Interest § 19(a) (1946). No agreement between the parties for payment of the proceeds was established nor does any statute provide for the payment of pre-judgment interest under these circumstances. Respondent's demand being unliquidated, the trial court erred in awarding her interest from the date of demand.

Affirmed in part; reversed in part.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.