Bobby Earl KERR and Mildred Kellett
Kerr, Appellees,

v.

STATE FARM FIRE & CASUALTY
CO., Appellant.

Bobby Earl KERR and Mildred Kellett
Kerr, Appellants,

v.

STATE FARM FIRE & CASUALTY
CO., Appellee.

Nos. 83–1182(L), 83–1352.

United States Court of Appeals,
Fourth Circuit.

Argued Dec. 7, 1983.

Decided April 5, 1984.

Rehearing and Rehearing En Banc
Denied May 30, 1984.

John R. Ferguson and Wyatt Saunders, Laurens, S.C., for Bobby Earl Kerr and Mildred Kellett Kerr.

John E. Johnston, Greenville, S.C. (Leatherwood, Walker, Todd & Mann, Greenville, S.C., on brief), for State Farm Fire & Casualty Company.

Before RUSSELL and SPROUSE, Circuit Judges and BRYAN,* Senior Circuit Judge.

ALBERT V. BRYAN, Senior Circuit Judge:

Upon the destruction by fire of their home and personal property, the owners sued the insurer for recovery of their losses. The Court, relying on the jury's answers to its interrogatories, awarded damages to the owners for the policy-stated value of the house, but rejected their claims for the loss of personalty and related items. Both parties appeal. We uphold the award for loss of the house, but set aside the jury's verdict as to the other claims, remanding those issues for a new trial.

## I

Plaintiffs, Bobby Earl Kerr and his wife, Mildred Kellett Kerr, were the insured under a policy issued by the defendant, State Farm Fire & Casualty Co., covering their home and personal belongings in rural Laurens County, South Carolina. On the morning of July 26, 1980, the Kerrs' house caught fire and was damaged extensively. In due time, the owners notified State Farm of the destruction, and presented it with a proof of loss statement. It included claims for the loss of the house and personal property, as well as living expenses while they were kept from their home, the cost of debris removal and damage to the residence's trees and shrubs.

State Farm refused to satisfy any of these claims. Thereupon the Kerrs brought this action against it in the Federal Court for the District of South Carolina to recover their losses. As affirmative defenses, the insurer pleaded that the Kerrs had forfeited their entire insurance coverage because of their involvement in setting the dwelling afire and also, by their intentional misrepresentation of the extent of the personal property loss. While it found the Kerrs blameless in the ignition of the fire, the jury found that the homeowners had fraudulently exaggerated the value of the destroyed personal property.[1]

On these premises, the District Court, 552 F.Supp. 992, granted judgment to the Kerrs for the value of the dwelling less the amount paid by the insurer to the mortgagee thereof plus interest accrued on the award before the entry of judgment.

## II

In charging the jury, the trial judge repeatedly instructed them that to accept State Farm's defense of misrepresentation, they must find "by a preponderance of the evidence" that the Kerrs acted fraudulently in representing the value of their lost personal effects. The Kerrs assign error to this charge, averring that under South

* Judge Bryan prepared this opinion prior to his death.

1. The jury answered "no" to the following interrogatories:

    Did Bobby Earl/Mildred Kerr consent to and have prior knowledge of, or was he/she involved in, the setting of the fire which destroyed the house in question?

The jury answered "yes" to the following interrogatories:

    Did Bobby Earl/Mildred Kerr, in filing or assisting in the filing of a claim for proceeds, money, under the insurance policy, intentionally submit a false claim or misrepresent any material fact regarding the claim?

Carolina law, State Farm had the burden of establishing fraud by "clear and convincing proof." *Federal Deposit Insurance Corp. v. American Bank Trust Shares, Inc.*, 460 F.Supp. 549, 555 (D.S.C.), *aff'd*, 629 F.2d 951 (4th Cir.1980).

The Kerrs failed to object to this instruction and such omission would in the usual course preclude later consideration of the point by this Court. Fed.R.Civ.P. 51. However, we "may take notice of plain error arising from the trial court's failure to charge the jury correctly." *Edwards v. Mayes*, 385 F.2d 369, 373 n. 1 (4th Cir.1967). Our review is fully justified here, since the error was fundamental, and highly prejudicial. *Ratay v. Lincoln National Life Insurance Co.*, 378 F.2d 209, 212 (3d Cir.), *cert. denied*, 389 U.S. 973, 88 S.Ct. 472, 19 L.Ed.2d 465 (1967). On this record, we conclude that the District Court's erroneous wording of the instruction requires reversal.[2] Therefore, we remand the case to the District Court for separate and specific jury findings of whether State Farm proved fraud by "clear and convincing" evidence with regard to the claims for personal property contained in the house, the lost trees and shrubs, the cost of debris removal and the Kerrs' living expenses.

### III

█ Regardless of the outcome on remand, we think the Kerrs are entitled to collect on their policy for the damage to their dwelling. The law in the majority of jurisdictions in this country forbids recovery under an insurance policy upon a finding of misrepresentation, fraud or false swearing as to any portion of the covered property. The Supreme Court of South Carolina, however, has defied this trend by maintaining that the provisions of an insurance policy are severable, so that forfeiture of all the insurance will result only if the fraud taints the entire coverage. See, e.g., *Trakas v. Globe & Rutgers Fire Insurance Co.*, 141 S.C. 64, 139 S.E. 176 (1927);

*Spradley v. Georgia Home Insurance Co.*, 112 S.C. 151, 98 S.E. 285 (1919). The alleged fraud does not relate to the damage to the structure of the house itself. Thus, the Kerrs may collect on that portion of the policy.

### IV

Plaintiffs object to the computation of the setoff, contending that State Farm's inexplicable delay in paying the mortgagee penalized them by reducing their share by the amount of the interest which accumulated between the date of notification of loss (July 27, 1980) and the actual date of payment (January 29, 1981).

█ The mortgagee's share of the insurance proceeds was readily ascertainable on the date the Kerrs notified State Farm of the fire. State Farm had a duty to mitigate the Kerrs' loss by paying the mortgagee at the earliest possible date. Nevertheless, it did not do so, despite the fact that the policy gave it the option of paying the principal plus the accrued interest to the mortgagee. We will not permit an insurance company to disregard its insured's rights by effectively forcing them to make interest payments for six months after the insured property was destroyed. The District Court should, therefore, only deduct as a setoff the mortgage balance as of the date the Kerrs notified State Farm of their loss.

█ Moreover, the Kerrs are entitled to receive prejudgment interest payments on their claim at a rate of 8¾ percent. S.C. Code Ann. § 34–31–20 (Law. Co-op 1983). This should be calculated on the balance due after the setoff from the time it was due and demandable, *Robert E. Lee & Co. v. Commission of Public Works*, 248 S.C. 92, 149 S.E.2d 59, 63 (1966), or in this case, from July 27, 1980 when the insured fulfilled their duty of notifying State Farm of the loss.

**2.** Although we find some evidence of fraud upon our review of the transcripts, we cannot say that "it *affirmatively* appears from the whole

record that [the error] was not prejudicial." *McCandless v. United States*, 298 U.S. 342, 347–48, 56 S.Ct. 764, 766, 80 L.Ed. 1205 (1936).

## V

In sum, we affirm the granting of damages for the destruction of the dwelling, but we request the District Court to recalculate the setoff and the prejudgment interest. As already indicated, we remand the case for disposition of the claims for the other losses covered by the policy.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.