0385

Fred C. JENKINS, Appellant, v. SOUTHERN HOME INSURANCE COMPANY, Respondent.

(326 S. E. (2d) 176)

Court of Appeals

*Alford Haselden* of *Haselden, Owen & Poore*, York, *for appellant.*

*Forrest C. Wilkerson* of *Roddey, Carpenter & White*, Rock Hill, *for respondent.*

Heard Dec. 17, 1984.

Decided Feb. 1, 1985.

GOOLSBY, Judge:

Fred C. Jenkins appeals from an order of the circuit court granting the respondent Southern Home Insurance Company summary judgment and denying Jenkins recovery of $1,786.05 in property damages and a sum for attorney fees under an insurance policy. We reverse and remand.

The sole issue for our consideration is whether the "collapse hazard" exclusion in an insurance policy removed from coverage the accident described in Jenkins's complaint.

The material facts are not in dispute. Jenkins, a landscape contractor, purchased a general liability insurance policy from Southern Home. The policy, among other things, covers all sums Jenkins becomes "legally obligated to pay as damages because of bodily injury or property damage caused by an occurrence." The policy defines the term "occurrence" as "an accident ... which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured."

On February 26, 1981, while Jenkins was grading and landscaping a third person's property, a blade on Jenkins's front-end loader accidentally struck a house causing damage to a brick wall. Jenkins notified Southern Home of the damage and asked it to pay the property owner's claim in the amount of $1,786.05.

Southern Home denied the claim on the ground that the damage fell within a provision contained in the policy that excludes "property damages included within ... the collapse hazard." The term "collapse hazard" is defined in the policy as follows:

> "Collapse hazard" includes "structural property damage" as defined herein and property damages to any other property at any time resulting therefrom. "Structural property damage" means the collapse of or structural injury to any building or structure *due to* (1) grading of land, excavating, borrowing, filling, back-filling, tunnelling, pile driving, cofferdam work or caisson work or (2) moving, shoring, underpinning, raising, or demolition of any building or structure or removal or rebuilding of any structural support thereof. [Emphasis added.]

After Southern Home refused to honor the claim, Jenkins

paid the property owner for his damages. Jenkins then instituted this action against Southern Home seeking to recover the amount paid the property owner and attorney fees. Southern Home answered Jenkins's complaint and subsequently moved for summary judgment. The circuit court granted the motion and held that the language "due to ... grading of land" contained in the policy specifically excluded property damage directly caused by Jenkins while engaged in grading and landscaping operations.

On appeal, Jenkins contends that the language defining the collapse hazard exclusion applicable to the property damage here deals only with "damages due to ... changes effected by the land work project" and not with damages caused by a machine accidentally hitting a building. Southern Home, on the other hand, maintains that the language "due to ... grading" means "while grading" and that, consequently, damages caused by a front-end loader engaged in grading operations are embraced by the collapse hazard exclusion.

Insurance policies are subject to general rules of contract construction. *Gambrell v. Travelers Ins. Companies*, 280 S. C. 69, 310 S. E. (2d) 814 (1983). One such rule is that the language employed by a policy is to be accorded its plain, ordinary, and popular meaning. *Sloan Construction Company, Inc. v. Central National Insurance Company of Omaha*, 269 S. C. 183, 236 S. E. (2d) 818 (1977). Also, an insurance contract is to be interpreted in light of the whole agreement so as to carry out the intention of the parties. [*Torrington Company v. Aetna Casualty & Surety Company*, 264 S. C. 636, 216 S. E. (2d) 547 (1975)] and any exclusion in a policy is to be construed most strongly against the insurer. *Boggs v. Aetna Casualty and Surety Company*, 272 S. C. 460, 252 S. E. (2d) 565 (1979).

Following these rules of construction, we hold Jenkins' claim is not excluded under the policy.

Our conclusion finds support in *Grossman Iron & Steel Co. v. Bituminous Casualty Corp.*, 558 S.W. (2d) 255 (Mo. App. 1977), an action that involved a collapse hazard exclusion almost identical to the one found in Jenkins's policy. In that case, a crane operator moved a crane and boom from one place to another causing it to tip over, fall on, and damage a pipeline. The court held that the damage to the structure in

question was not by reason of "the collapse of or structural injury to any building or structure due to ... demolition" but was due, rather, to the negligent moving of the crane and boom, or, according to the respondent's evidence, the subsidence of the earth under it. Here the injury to the structure in question was not "due to ... grading of land"; rather, the injury was due to the negligent operation of a front-end loader. *See also D'Agostino Excavators, Inc. v. Globe Indemnity Company*, 7 A.D. (2d) 483, 184 N.Y.S. (2d) 378 (1959).

For the reasons we stated, the judgment appealed from is reversed and the case is remanded to the circuit court for further proceedings consistent with our opinion.

Reversed and remanded.

CURETON and NESS, JJ., concur.