0513

Melia R. JOHNSON, Respondent, v. SOUTH STATE INSURANCE COMPANY, Appellant.

(332 S. E. (2d) 778)

Court of Appeals

*James W. Hudgens* of *Ward, Barnes, Long, Hudgens & Adams,* Spartanburg, *for appellant.*

*James T. Raman,* Spartanburg, *for respondent.*

Heard March 18, 1985.

Decided June 26, 1985.

BELL, Judge:

Melia Johnson sued South State Insurance Company to recover benefits under a homeowner's policy of insurance. South State denied liability on the ground that Johnson filed a fraudulent proof of loss which barred him from any recovery by the terms of the policy. At trial, the jury found Johnson filed a fraudulent claim for unscheduled personal property. However, pursuant to instructions from the trial judge, they returned a verdict of $15,500 for loss of dwelling and additional living expenses. South State appeals from the refusal of the court to grant judgment *n.o.v.* We reverse.

In August 1976, Johnson insured his home near Cowpens, South Carolina, with South State. The policy provided fire coverage of $15,000 on the dwelling, $7,500 for unscheduled personal property, and $3,000 for additional living expense. Johnson paid a single premium for the entire coverage. Among other things, the policy provided:

> This entire policy shall be void if, whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto.

In June 1977, Johnson's house and its contents were destroyed by fire. Johnson made claim for the loss. In connection therewith, he submitted a sworn "Proof of Loss" with a five-page inventory of contents which were allegedly de-

stroyed in the fire. He also gave a sworn deposition concerning the loss.

After investigating the fire, South State denied the claim as being fraudulent. Johnson then sued for payment.

At trial, South State took the position that if the jury found Johnson filed a fraudulent claim for loss of unscheduled personal property, then, by its express terms, the entire policy was void and Johnson could recover nothing. The trial judge, however, ruled that the various coverages of the policy were severable and fraud by Johnson as to his claim for unscheduled personal property would not defeat his right to recover for loss of the dwelling and for additional living expense. The judge charged the jury accordingly. South State duly excepted to the charge. The jury returned a verdict:

> For the Plaintiff for the loss of the dwelling, $15,000. For additional living expenses, $500. For unscheduled personal property, nothing due to the Plaintiff's fraudulent acts.

South State thereupon moved for judgment *non obstante veredicto*. The trial judge denied the motion.

The question presented for our decision is whether, under the terms of the policy, a fraudulent claim for loss of unscheduled personal property invalidates the entire policy and precludes recovery for loss of the dwelling and for additional living expenses. We hold that it does. *Moore v. Virginia Fire & Marine Ins. Co.*, 69 Va. (28 Gratt.) 508 (1877); *Saks & Co. v. Continental Insurance Co.*, 23 N.Y. (2d) 161, 242 N. E. (2d) 833, 295 N.Y.S. (2d) 668 (1968); *Home Insurance Co. v. Hardin*, 528 S. W. (2d) 723 (Ky. 1975).

Contracts of insurance, like other contracts, should be interpreted according to general rules of construction. *Jenkins v. Southern Home Ins. Co.*, _____ S. C. _____, 326 S. E. (2d) 176 (Ct. App. 1985). The language employed in an insurance contract is to be understood in its plain, ordinary, and popular sense. *Carroway v. Johnson*, 245 S. C. 200, 139 S. E. (2d) 908 (1965). Courts will not torture the meaning of a policy to extend coverage not agreed to by the parties. *General Ins. Co. of America v. Palmetto Bank*, 268 S. C. 355, 233 S. E. (2d) 699 (1977); *Helton v. St. Paul Fire and Marine*

*Ins. Co.,* _____ S. C. _____ , S. E. (2d) _____ (Ct. App. 1985).

The contract here in question states the "entire policy" will be void if, after a loss, the insured is guilty of fraud or false swearing relating to any material fact concerning the subject of the insurance. This language is unqualified and unmistakably plain. It provides that the insured loses the benefit of the *entire* contract if he engages in the dishonest acts the contract itself condemns. Unless there is a public policy against the parties contracting to refrain from wilful false swearing and fraud, the contract should be enforced according to its terms. *See Chaachou v. American Central Ins. Co.,* 241 F. (2d) 889 (5th Cir. 1957).

There are no reasons of public policy to deny enforcement of the contract as written. As a matter of law, the relationship created by a contract of insurance requires honest, good faith dealing between the parties. *See Nichols v. State Farm Mutual Automobile Ins. Co.,* 279 S. C. 336, 306 S. E. (2d) 616 (1983); *Brown v. South Carolina Ins. Co.,* _____ S. C. _____ , 324 S. E. (2d) 641 (Ct. App. 1984), *cert. granted,* _____ S. C. _____ , 329 S. E. (2d) 768 (1985). This obligation rests as much on the insured as on the insurer. An insured who attempts to cheat the insurance company by filing a false proof of loss has no more claim to the law's solicitude than an insurer who in bad faith refuses to pay a just claim. If we were to hold, as Johnson urges us to do, that a judge-made exception will be read into the contract to permit substantial recovery of benefits, we would provide an incentive for fraud, since even if his dishonesty were discovered the insured would still reap a recovery under the contract. On the other hand, enforcing the contract according to its terms will tend to promote honesty between the insured and the insurer, facilitating the prompt adjustment of claims without litigation. *See Chaachou v. American Central Ins. Co., supra.* It is clear which course is more consonant with public policy and the duty of good faith and fair dealing between the parties.

Johnson argues, however, that partial recovery should be permitted on the authority of *Kerr v. State Farm Fire & Casualty Co.,* 731 F. (2d) 227 (4th Cir. 1984), and *Trakas v. Globe & Rutgers Fire Ins. Co.,* 141 S. C. 64, 139 S. E. 176, 53 A.L.R. 1119 (1927). Those cases are not controlling.

In *Trakas*, the Supreme Court held that an insured's violation of an "additional insurance" clause on fixtures in his store did not work a forfeiture of the separate coverage for his stock of merchandise in the store simply because the premium for both coverages was entire. The Court adopted the rule that where the property insured consists of different items which are separately valued or insured for separate amounts, the contract is divisible, and breach of warranty or condition as to one item will not affect the insurance on other items, even though the premium be entire. In so holding, the Court relied on dicta in the earlier case of *Spradley v. Georgia Home Ins. Co.*, 112 S. C. 151, 98 S. E. 285 (1919).

*Spradley* involved waiver of a condition as to ownership of land on which an insured building was situated. The court held the insurance company had not waived the condition by issuing the policy, because it had no notice that the land was owned by one other than the insured. Ownership of the land was material to the risk assumed by the insurance company. Therefore, violation of the condition avoided coverage on the building. In a statement unnecessary to decision of the appeal, the Court also approved a holding of the trial court that insurance on the building was separate from insurance on a piano covered by the same policy, because the coverages and premiums were separately stated. Thus, unlike *Trakas*, the premium in *Spradley* was divisible, not entire.

Neither *Spradley* nor *Trakas* concerned false swearing or fraud by the insured. Later decisions of the Supreme Court make it clear that the rule of those cases does not apply where fraud is involved.

In *Evans v. Century Ins. Co., Ltd.*, 201 S. C. 273, 280, 22 S. E. (2d) 877, 880 (1942), the Court specifically stated the *Trakas* rule applies in the absence of fraud:

> ... [I]n the absence of fraud or any act condemned by public policy, the contract is divisible, and recovery may be had for the loss of other property not affected by the particular warranty broken.

Similarly, the Court in more recent cases has acknowledged that a policy of insurance may be entirely avoided for false swearing or fraud in the proof of loss. *See Mulkey v. United*

*States Fidelity & Guaranty Co.,* 243 S. C. 121, 132 S. E. (2d) 278 (1963); *Nabors v. South Carolina Farm Bureau Mut. Ins. Co.,* 273 S. C. 126, 255 S. E. (2d) 337 (1979).

While *Kerr v. State Farm Fire & Casualty Co.,* 731 F. (2d) 227 (4th Cir. 1984), supports Johnson's position, we decline to follow it. In *Kerr,* the United States Court of Appeals ruled that the Kerrs were entitled to collect on an insurance policy for damage to their dwelling even though they submitted a fraudulent proof of loss for personal property. Citing *Trakas* and *Spradley,* the *Kerr* opinion held that the provisions of an insurance policy are severable, so that forfeiture of all the insurance will result only if the fraud taints the entire coverage. Neither *Trakas* nor *Spradley* contains any such holding. The federal court misread those decisions and consequently misstated the law of South Carolina.

For the foregoing reasons, South State's motion for judgment notwithstanding the verdict should have been granted. Accordingly, the judgment entered for Johnson is

Reversed.

SANDERS, C. J., and SHAW, J., concur.