0576

Estelle R. SMITH, as executrix of the Estate of Enoch O. Smith, Respondent, v. O. J. WILLARD, Patricia Willard, and Fire Insurance Company of Quaker City, Defendants, of whom Fire Insurance Company of Quaker City is Appellant.
Appeal of FIRE INSURANCE CO. OF QUAKER CITY.

(337 S. E. (2d) 239)

Court of Appeals

*Philip Wittenberg* of *Levi, Wittenberg, Harritt, Hoefer & Davis,* Sumter, *for appellant.*

*George M. Hearn, Jr.* of *Stevens, Stevens, Thomas, Hearn & Hearn,* Loris, *for respondent.*

Heard Sept. 24, 1985.

Decided Nov. 13, 1985.

BELL, Judge:

This is an action to recover benefits under a fire insurance policy issued by the Fire Insurance Company of Quaker City to Patricia Willard. Enoch O. Smith, the owner of the premises, claims the insurance proceeds on the basis of an alleged oral promise by O. J. Willard, Patricia's father, to keep the property insured for Smith's benefit. Quaker City denies coverage on the grounds that Smith is neither an insured nor a loss payee under the policy, that Patricia has no insurable interest in the property, and that the insurance was procured by false representations as to the ownership of the insured premises. The circuit court granted summary judgment in Smith's favor. Quaker City appeals. We reverse and remand.

In September, 1957, Willard conveyed the premises in question to Smith. The deed reserved to Willard and his wife

a right to occupy the property for life. This right was personal to Willard and his wife. It was to expire if they moved from the premises. Willard alleges he orally covenanted to keep the premises insured for Smith's benefit, in return for which Smith agreed not to charge him rent.

According to Willard's affidavit, either he, his wife, or his daughter, Patricia, carried insurance on the dwelling from 1957 until it was destroyed by fire in 1982. In August 1981 Willard converted his existing policy to a value stated policy giving him $9500.00 fire coverage. In the application for insurance, Willard listed the premises as "owner-occupied." Donald Kyzer, the agent who took the application, testified that Willard specifically told him "that he, Willard, was the owner of the premises." Quaker City issued an "owner-occupied dwelling and contents" policy in Willard's name. The policy did not name Smith as an insured or a loss payee. Willard allowed this policy to lapse for nonpayment of premium in September 1981.

On October 6, 1981, Patricia, who lived with her parents, applied for insurance on the property in her own name. According to Kyzer, Willard claimed he had deeded the property to Patricia, who now owned it. In her application for insurance, Patricia stated the dwelling was "owner-occupied." On the basis of this application, Quaker City issued an "owner-occupied dwelling" policy to Patricia in her name. Smith was not named as an insured or loss payee in the policy. Kyzer testified that the Willards at no time mentioned the name of Enoch Smith in connection with the application for insurance.

Shortly after Quaker City issued Patricia's policy, the dwelling was destroyed by fire. In the course of investigating the loss, an adjuster for Quaker City discovered title to the property was in Smith, not Patricia Willard. Quaker City thereupon denied coverage and tendered a refund of Patricia's premium. Smith sued to collect the face amount of the policy, relying on Willard's alleged oral promise to insure the premises for his benefit.

The circuit court heard the case on cross motions for summary judgment. Quaker City argued it had no liability to Smith (1) because he was not a named insured or loss payee; (2) because Patricia had no insurable interest in the

property; and (3) because the policy was procured by the intentional misrepresentation and concealment of a material fact affecting the risk, i.e., the true ownership of the property.

In affidavits filed with the court, Willard, his wife, and Patricia stated they informed Kyzer that Enoch O. Smith was the owner of the property when they applied for insurance. The counter affidavits of Kyzer and of his supervisor, Robert Smith, who was present when the Willards applied for insurance, deny the Willards said anything about Smith's having an interest in the property.

The circuit court granted summary judgment for Smith, holding that Patricia had an insurable interest in the property and that Smith was the intended beneficiary of the insurance policy. Although he acknowledged the existence of a factual dispute concerning misrepresentation of ownership by the Willards, the circuit judge held: "this issue is irrelevant because I find the true ownership of the property to be immaterial to the risk."

In so holding, the circuit court committed reversible error. Ownership of the property is clearly material to the risk. *Spradley v. Georgia Home Ins. Co.*, 112 S. C. 151, 98 S. E. 285 (1919). The insurance company has the right to know what insurable interest an insured has in the property, and if a tenant holds himself out as the owner in fee, the company may avoid the policy for material misrepresentation. *Id.*

In this case, the conflicting affidavits raised genuine issues of material fact which precluded summary judgment. *See Eagle Construction Co. v. Richland Construction Co.*, 264 S. C. 71, 212 S. E. (2d) 580 (1975). Accordingly, we reverse the judgment and remand to the circuit court for trial. In view of this disposition, we need not consider the additional exceptions.

Reversed and remanded.

SHAW and CURETON, JJ., concur.