## 17368

A. M. STANTON and A. P. BELLFLOWER, Respondents, v. GULF OIL CORPORATION *ET AL.*, Defendants, of whom ERNEST J. EVANS is Appellant

(101 S. E. (2d) 250)

*Messrs. Yarborough & Parrott,* of Florence, *for Appellant,*

*Messrs. Willcox, Hardee, Houck & Palmer,* of Florence, *for Respondents,*

December 17, 1957.

TAYLOR, Justice.

This appeal is from an Order of the Honorable G. Badger Baker, Resident Judge of the Twelfth Judicial Circuit, construing restrictive covenants contained in deeds affecting

property in a subdivision known as Maple Park Annex in the City of Florence, South Carolina.

Respondents are owners of two lots which they propose to sell to the Gulf Oil Corporation, which refuses to accept title to the lots on the grounds that the lots are possibly subject to restrictive covenants, including the prohibition of the use of the property for commercial purposes. Respondents brought their action in the Court of Common Pleas for Florence County under provisions of Section 10-2001 *et seq.*, Code of Laws of South Carolina, 1952, pertaining to declaratory judgments and Section 10-205, of said Code, pertaining to class actions. The defendant, Florence Trust Company, a Corporation, is the successor in title to Florence Title Trust and Investment Company, a Corporation, and original owner and developer of Maple Park Annex. The defendant, Gulf Oil Corporation, is the proposed purchaser of said lots. The other defendants are property owners or lien holders within the development who were made parties defendants of which only the defendant, Ernest J. Evans, adjoining property owner, is appellant.

The facts are not in dispute. In the year 1927, the Florence Title Trust and Development Company, a real estate development Company of Florence, South Carolina, had surveyed and platted into lots and streets the property in question, which plat was duly recorded. The development was given the name Maple Park Annex and a form deed was prepared, each containing identical restrictive covenants, among which was the prohibition of the use of the property for any purposes other than residential. Immediately preceding the recital of the restrictions, the following proviso appears: "This conveyance is made subject to the following restrictions which shall apply for a period of twenty-one years from the date of this conveyance." The first lot in this development was conveyed to one G. A. Ellison by deed dated February 7, 1927, and duly recorded in the office of the Clerk of Court for Florence County. Other lots were conveyed from time to time, all of which contained the iden-

tical provision and restrictive covenants. The lots owned by plaintiffs were conveyed out of the Florence Trust Company successor to the Florence Title Trust and Investment Company, in 1944. Judge Baker held that the restrictive covenants pertaining to the property in the development were imposed pursuant to a general plan or scheme of development for a period of twenty-one years; that there was created a negative reciprocal easement for the mutual benefit of the grantor and various grantees, having like force and effect upon each and every property owner within the subdivision but that the duration of the restrictive covenants ran for a period of twenty-one years from the date of the first conveyance, to wit, February 7, 1927, and therefore, have expired and are no longer applicable and have no force or effect.

"Restrictive covenants are to be construed most strictly against the grantor and persons seeking to enforce them, and liberally in favor of the grantee, all doubts being resolved in favor of a free use of property and against restrictions. This rule, however, obtains only where the parties have failed to express their meaning with sufficient clarity to enable the court to say that its construction is plain and admits of no doubt; the rule will not be applied to defeat the obvious purpose of the restrictions, nor does it require an unnatural and strained construction of the words used; and before giving effect to the rule the court will have recourse to every aid, rule, or cannon of construction to ascertain the intention of the parties, since it is the duty of the courts to enforce, not to make, contracts." *Sprouse v. Winston*, 212 S. C. 176, 46 S. E. (2d) 874, 878.

"* * * The rule that restrictions as to the use of real estate should be strictly construed and all doubts resolved in favor of the free use of property should not be applied in such a way as to defeat the plain and obvious purposes of a contractual instrument of restriction. * * *". 14 Am. Jur., Section 212, page 621, and cases cited therein; *McDonald v. Welborn*, 220 S. C. 10, 66 S. E. (2d) 327; *Maxwell v. Smith*, 228 S. C. 182, 89 S. E. (2d) 280

Where a common grantor opens a tract of land to be sold in lots and blocks, and before any lots are sold inaugurates a general scheme of improvement, and thereafter sells each lot subject to such scheme of improvement, mutuality of covenant and consideration exists among the various purchasers of the lots, and they each have an interest in the negative equitable easement thus created. *Edwards v. Surratt,* 228 S. C. 512, 90 S. E. (2d) 906.

In *Pitts v. Brown,* 215 S. C. 122, 54 S. E. (2d) 538, this court held that restrictive covenants imposed upon some lots, but not upon others, in the same subdivision were enforceable among all where it was clear that from the inception of the subdivision there had been a general plan for its residential development and such plan had been adhered to without material departure therefrom.

In the instant case, whether or not at the time of the first sale there existed a general scheme or plan of development with restrictions to be mutually enforceable among the grantees and their successors in ownership of the lots is a matter that we need not decide here. The parties appear to concede that at that time there was such a scheme or plan. If so, the covenant restricting the use of the lots to residential purposes was enforceable among the respective lot owners during the twenty-one year period provided in the first conveyance; but as against the owner of the lot conveyed by that deed the restriction, by its express terms, expired at the end of that period. Mutuality of the covenant among the lot owners thereupon terminated, for the simple reason that the covenant had been made applicable to individual lots and not to the whole development. Thereafter, although the covenant was by the terms of each deed enforceable as between the original grantor and grantee, and the latter's successors in title, for a period of twenty-one years, it was not enforceable by one lot owner against another because the necessary elements of generality and mutuality among them were lacking.

We are of the opinion that all exceptions should be dismissed and judgment of the lower court affirmed, and It Is So Ordered.

We are of the opinion that all exceptions should be dismissed and judgment of the lower Court affirmed, and It Is So Ordered. Affirmed.

STUKES, C. J., and OXNER, LEGGE and Moss, JJ., concur.