69638. GILLELAND & SON, INC. v. MISENER MARINE
CONSTRUCTION, INC.
(327 SE2d 829)

BIRDSONG, Presiding Judge.

This case arises from the shooting of the plaintiff by the night watchman at a construction site. The sole question in this appeal is whether the trial court erred in finding that the alleged tortfeasor occupied independent contractor status to the appellee while finding a question of fact as to whether he was the servant or independent contractor of the appellant.

Appellant Gilleland & Son, Inc. and appellee Misener Marine Construction, Inc. were both contractors working on a bridge-building project near Columbus. Gilleland had been at the site several months before Misener arrived, and had hired one Douglas to serve as night watchman of its equipment and property. When Misener arrived, Gilleland approached Misener about paying half of the costs of the night watchmen because the watchmen could easily guard Misener's equipment as well. Misener agreed and, for three or four months until the shooting incident, paid over to Gilleland one-half of the night watchmen's pay. The evidence is clear that Douglas believed he was employed only by Gilleland and did not know Misener was involved in his pay until after the lawsuit was filed; that Douglas took his instructions only from Gilleland's supervisor; that Gilleland's supervisor checked on the watchmen at night and oversaw their duties; and that Gilleland scheduled the work hours of the watchmen and paid Douglas directly. Douglas checked in for work at Gilleland's trailer and dealt solely with Gilleland after the shooting. Misener never instructed Douglas what to do, never paid Douglas directly, did not establish the working times and exercised no control over the night watchmen's duties. Misener's project manager testified that if Misener had had any complaints or dissatisfaction with the work, he would have confronted Gilleland and not Douglas, and would have terminated its relationship with Gilleland and Douglas.

Gilleland asserts that it and Misener occupied the same status with regards to Douglas, but the unimpeached and uncontroverted evidence (see *Brewer v. Southeastern Fidelity Ins. Co.*, 147 Ga. App. 562, 564 (249 SE2d 668) and *Helms v. Young*, 130 Ga. App. 344, 348

(203 SE2d 253)) establishes that Misener did not retain the right to direct or control the time and manner of executing the work, nor assume control so as to create the relation of master and servant. OCGA § 51-2-5 (5). The arrangement between Gilleland and Misener was not a joint venture affixing to Misener liability as respondeat superior of Douglas because there was not "a right, express or implied, of each member of the joint venture to direct and control the conduct of the other." *Helms v. Young*, supra, p. 346; *Atlanta Metallic Casket Co. v. Southeastern Wholesale Furniture Co.*, 82 Ga. App. 353, 358 (1) (61 SE2d 196).

Likewise, the loaned servant rule does not apply. " 'Under general legal principles, it is well settled that the fact that an employee is the general servant of one employer does not prevent him from becoming the particular servant of another under special circumstances, and it is true, as a general proposition, that when one person lends or hires his servant to another for a particular employment, the servant, as to anything done in such employment, must be dealt with as the servant of the person to whom he is lent or hired, although he remains the general servant of the other person. In actions at common law, to recover damages alleged to have been caused by the servant of the defendant, the criterion by which to determine whether the relation existed as alleged is to ascertain whether, at the time of the injury, the alleged servant was subject to the defendant's orders and control and was liable to be discharged by him for disobedience to orders or for misconduct'. . . . *U. S. Fidelity &c. Co. v. Stapleton*, 37 Ga. App. 707, 710 (141 SE 506). . . ." *Farmer v. Ryder Truck Lines*, 245 Ga. 734, 739 (266 SE2d 922). In this case Misener retained no control of the servant Douglas; it could confront Gilleland with any complaints and sever its relationship with Gilleland but it could not discharge Douglas or put another in his place. The loaned servant rule therefore does not apply in this case. See *Hosp. Auth. of Walker &c. Counties v. Smith*, 142 Ga. App. 284, 288 (235 SE2d 562).

Moreover, the rule of sub-agents employed in *Sinclair Refining Co. v. Veal*, 51 Ga. App. 755 (181 SE 705) requires us to find in these circumstances that Douglas was not Misener's own servant. It is clear in this case that Gilleland employed Douglas, paid his salary directly, had the right to discharge him and direct the time, manner, means and methods of his execution of the work and in fact had sole direction over him. *Sinclair Refining Co.*, supra, p. 758. The most Misener could have done and would have done with regards to any dissatisfaction with any of the night watchmen was to sever relationship with Gilleland. "The true test whether a person employed is a servant or an independent contractor is whether the employer, under the contract, whether oral or written, has the right to direct the time, the manner, the methods, and the means of the execution of the work, as

contradistinguished from the right to insist upon the contractor producing results according to the contract, or whether the contractor in the performance of the work contracted for is free from any control by the employer of the time, manner, and method in the performance of the work. [Cits.]" *Sloan v. Hobbs Sporting Goods Shop*, 145 Ga. App. 255, 257 (243 SE2d 673). Under the principles enunciated, the most that can be said of Misener's contribution of one-half of Douglas' salary was that Misener had contracted for Douglas' services as a night watchman, that and that only, and never considered or treated Douglas as an "employee." Under the applicable rules and all the circumstances of the case, the trial court did not err in granting summary judgment to Misener on grounds that Douglas was an independent contractor of· Misener (OCGA § 51-2-5) and denying summary judgment to Gilleland.

*Judgment affirmed. Carley and Beasley, JJ., concur.*

DECIDED MARCH 7, 1985.

*James E. Humes II*, for appellant.
*B. Randall Blackwood, Allen C. Levi, Douglas L. Breault, John C. Swearingen, Jr.*, for appellee.