1367

Clarence E. FELTS, Jr., Appellant v. RICHLAND COUNTY and the Township Auditorium, Respondents.

(383 S. E. (2d) 261)

Court of Appeals

*A. Philip Baity,* and *Joseph L. Savitz, III,* Columbia, *for appellant.*

*C. Dennis Aughtry,* and *Mary Alice Hobbs,* Columbia, *for respondents.*

Heard May 15, 1989.

Decided Aug. 14, 1989.

### AMENDED OPINION

In his petition for rehearing Clarence E. Felts, Jr., asserts this court (1) applied an incorrect standard of review of the facts and (2) failed to consider the argument that he could be an employee of both the Township Auditorium and Richland County. We have reconsidered the record in light of his arguments but still conclude the trial court should be affirmed. The petition for rehearing is denied. The following amended opinion is substituted for the opinion previously filed.

CURETON, Judge:

Appellant—Clarence E. Felts, Jr. sought a declaratory judgment that he was an employee of Richland County and therefore entitled to a grievance hearing under county ordinances. The trial judge denied the requested relief and Felts appeals. We affirm.

Felts was Deputy Director of the Township Auditorium

when he was terminated from his employment in May 1986. He claims the Township Auditorium is an agency of Richland County and that he, as an employee of the Township, is entitled to file a grievance under the county's grievance procedure. The County denied he was its employee and refused to permit him to participate in its grievance procedures. The only issue raised on appeal is whether Felts was an employee of Richland County on the date of his termination.

The parties disagree as to our scope of review. The Uniform Declaratory Judgments Act which has been adopted by most state jurisdictions is remedial and procedural in nature and does not create substantive rights or duties. This is also true of the Federal Declaratory Judgment Act. *See Western Casualty & Surety Co. v. Herman*, 405 F. (2d) 121 (8th Cir. 1968); *McCahill v. Borough of Fox Chapel*, 438 F. (2d) 213 (3rd Cir. 1971); *State ex rel. Edmisten v. Tucker*, 312 N. C. 326, 348, 323 S. E. (2d) 294, 308 (1984) ("[I]t is elementary that declaratory judgment statutes themselves are not jurisdictional and they do not create or grant jurisdiction where it does not otherwise exist, nor do they enlarge or extend the jurisdiction of the courts over the subject matter of the parties. . . . Contrary to the State's assertion, the Act creates a new remedy, not a new source of legal rights and obligations."); 26 C. J. S. *Declaratory Judgments* Section 104 (1956).

A particular declaratory judgment action draws its equitable or legal substance from the nature of the underlying controversy. *Noisette v. Penn National Insurance Co.*, Opinion No. 1365, ____ S. E. (2d) ____ (S. C. Ct. App. filed July 3, 1989); *Jacobs v. Service Merchandise Co.*, 297 S. C. 123, 375 S. E. (2d) 1 (Ct. App. 1988); *Pinckney v. City of Beaufort*, 296 S. C. 142, 370 S. E. (2d) 909 (Ct. App. 1988). The solution worked out by the courts to classify declaratory judgment actions is to look to the kind of action in which the issue involved would have been decided if there were no declaratory judgment procedure. *Wallace v. Norman Industries, Inc.*, 467 F. (2d) 824 (5th Cir. 1972); *Chevron U. S. A. v. Oubre*, 93 F. R. D. 622 (D. La. 1982); 10A C. Wright, A. Miller, and M. Kane, *Federal Practice and Procedure* Section 2769 (1983).

In applying these principles to the case at hand, we hold that if Felts had desired to litigate his rights to grieve prior to enactment of the Declaratory Judgment Act he would have alleged a breach of the conditions of his employment contract with the County. Felts argues however that because he is not seeking monetary damages for the breach of his contract but rather specific performance of the terms of the contract, this court should make its own determination of the facts based on the preponderance of the evidence. We conclude from a review of the record that the factual findings of the trial court may be affirmed under either an "any evidence" standard of review or a "preponderance of the evidence" review.

The law applicable to a decision in this case is quoted from Felts' brief:

The decisive test in determining whether the relation of master and servant exists is whether the purported master has the right or power to direct and control the servant in the performance of his work and in the manner in which the work is to be done. *Young v. Warr,* 252 S. C. 179, 165 S. E. (2d) 797 (1969); *Watkins v. Mobil Oil Corp.,* 291 S. C. 62, 352 S. E. (2d) 284 (Ct. App. 1986). Specifically, the proper test to be applied is not the actual control exercised by the alleged master, but whether there exists the right and authority to control and direct the particular work or undertaking as to the manner or means of its accomplishment. *Anderson v. West,* 270 S. C. 184, 241 S. E. (2d) 551 (1978); *DeBerry v. Coker Freight Lines,* 234 S. C. 304, 108 S. E. (2d) 114 (1959); *Todd's Ice Cream Inc. v. South Carolina Employment Security Comm'n.,* 281 S. C. 254, 315 S. E. (2d) 373 (Ct. App. 1984). The principle [sic] factors showing right of control are: (1) direct evidence of right or exercise of control, (2) method of payment, (3) furnishing of equipment, and (4) right to fire. *Chavis v. Watkins,* 256 S. C. 30, 180 S. E. (2d) 648 (1971); *South Carolina Industrial Comm'n. v. Progressive Life Ins. Co.,* 242 S. C. 547, 131 S. E. (2d) 694 (1963); *Todd's Ice Cream v. South Carolina Employment Security Comm'n, supra.*

Our review of the record reflects the following: (1) Felts was recruited and hired by the Township's director; (2) while Felts received his pay from the County, the County was reimbursed by the Township pursuant to an agreement between the County and the Township; (3) the Township's director[1] had the express power to terminate Felts' employment and had control and supervision over his work performance. The record does not support the contention that Richland County had the right and authority to direct and control Felts in the performance of his work. We hold the evidence insufficient to constitute Felts an employee of Richland County. Felts also cites the case of *Gilleland & Sons, Inc. v. Misener Marine Constr. Inc.*, 173 Ga. App. 713, 327 S. E. (2d) 829 (1985), for the proposition that the evidence supports the finding that he was the general employee of the Township but a special employee of Richland County. We disagree. The facts do not show such special circumstances as to constitute Felts an employee of both Richland County and the Township. *Id.*

Accordingly, the order of the trial court is affirmed.

Affirmed.

GARDNER and GOOLSBY, JJ., concur.

---

[1] There is no contention that the director was an employee of Richland County.