23320

Clarence E. FELTS, Jr., Petitioner v. RICHLAND COUNTY and The Township Auditorium, Respondents.

(400 S.E. (2d) 781)

Supreme Court

*A. Philip Baity* of *Ridley, Ridley and Burnette*, Rock Hill, and *Joseph L. Savitz, III*, Columbia, *for petitioner.*

*C. Dennis Aughtry* and *Mary Alice Hobbs*, both of the *Richland County Attorney's Office*, Columbia, *for respondents.*

Heard Oct. 22, 1990.

Decided Jan. 21, 1991.

CHANDLER, Justice:

We granted certiorari to review the Court of Appeals' decision in *Felts v. Richland County*, 299 S.C. 214, 383 S.E. (2d) 261 (Ct. App. 1989).

We affirm.

## FACTS

Petitioner, Clarence Felts (Felts), was employed as Deputy Director of The Township Auditorium (Township). He was discharged in May, 1986, by Township Director, Arthur Her-

bert (Herbert). His attempt to file a grievance under the Richland County grievance procedure was denied on the ground that he was not a County employee. Felts then commenced this declaratory judgment action, claiming that he was a County employee. Circuit Court's finding that he was not was affirmed by the Court of Appeals.

## ISSUES

1. Does the "any evidence" standard of review govern?
2. Does any evidence of record support the finding that Felts was not a County employee?

## DISCUSSION

### I. STANDARD OF REVIEW

Felts contends that the Court of Appeals should have applied a "preponderance" of the evidence standard of review rather than an "any evidence" standard.[1] We disagree.

In equitable actions, the appellate court may find facts in accordance with its own view of the preponderance of the evidence. *Townes Associates, Ltd. v. City of Greenville*, 266 S.C. 81, 221 S.E. (2d) 773 (1976). In law actions, the lower court must be affirmed where there is "any evidence" to support its findings. *Id.*

A suit for declaratory judgment is neither legal nor equitable, but is determined by the nature of the underlying issue. An issue essentially one at law will not be transformed into one in equity simply because declaratory relief is sought. *See, Legette v. Smith*, 226 S.C. 403, 85 S.E. (2d) 576 (1955).

Here, the action was one to construe Felt's employment contract and, therefore, at law. *Hofer v. St. Clair*, 298 S.C. 503, 381 S.E. (2d) 736 (1987). Accordingly, the Court of Appeals correctly applied the "any evidence" standard of review.

---

[1] The Court of Appeals found that the case should be affirmed under either standard. 299 S.C. at 217, 383 S.E. (2d) at 263. As we find the "any evidence" standard controlling, we decline to discuss the "preponderance" standard.

## II. THE EVIDENCE OF RECORD

The primary consideration in determining whether a master-servant relationship exists is whether the purported master has the *right* to control the servant in the performance of his work, and the *manner* in which it is done. *Standard Oil Company v. Anderson*, 212 U.S. 215, 29 S. Ct. 252, 53 L. Ed. 480 (1909); *Young v. Warr*, 252 S.C. 179, 165 S.E. (2d) 797 (1969). The principle factors indicating the right of control are (1) direct evidence of the right to, or exercise of, control, (2) method of payment, (3) furnishing of equipment and (4) right to fire. *Chavis v. Watkins*, 256 S.C. 30, 180 S.E. (2d) 648 (1971).

The Act creating Township Auditorium vests in the Board of Trustees control over its operations and employees. *See* Act No. 640, 1961 Acts and Joint Resolutions.

The Township Director, Arthur Herbert, testified that he had sole authority to hire and fire Township employees, and that the Township is a completely separate entity from the County. He testified, further, that he himself was not a County employee, and Felts worked directly under his supervision.

The County Finance Director, Thomas Whitaker, testified that, although Felts was paid by Richland County, the Township reimbursed County for all payroll and benefit expenses. He also testified that Felts was not, and had never been, a County employee. Additionally, Felts himself testified that raises and promotions were in the discretion of Herbert and the Board of Trustees.

Finally, the County's Personnel Director, J.P. Faust, a witness on behalf of Felts, conceded that members of the Board were not County employees.

Admittedly, there is evidence supporting Felts' contention that he reasonably believed himself to be a County employee. However, under our standard of review, we are constrained to determine whether there is *any evidence* that County lacked the essential right of control. We find that there is such evidence, so that the finding of the Circuit Court is not reviewable. Accordingly, we affirm the Court of Appeals.

Affirmed.

GREGORY, C.J., and HARWELL, FINNEY and TOAL, JJ., concur.