24147

Tony D. AXSON and Loraine F. Axson, Respondents v. A. MORTGAGE COMPANY, INC., Unisun Insurance Company and H.C. McCain Agency, Inc., Defendants, of whom H.C. McCain Agency is Primary Petitioner, and A. Mortgage Company, Inc. is Secondary Petitioner and Unisun Insurance Company is a Respondent.

Supreme Court

(449 S.E. (2d) 491)

*Charles R. Norris, Nelson, Mullins, Riley & Scarborough,* Charleston, *for primary petitioner.*

*Ronald C. Scott, Scott & Mathews,* Columbia, *for secondary petitioner.*

*Jeter E. Rhodes, Jr., McCutchen, Blanton, Rhodes & Johnson,* Columbia, *for respondent Unisun.*

*Eugene L. Ott, Bryant, Fanning & Shuler,* Orangeburg, *for respondents Tony D.* and *Loraine F. Axson.*

Submitted Aug. 18, 1994.

Decided Sept. 19, 1994.

*Per Curiam:*

The Axsons sued Unisun Insurance Company, A. Mortgage Company and H.C. McCain Agency after Unisun refused to provide coverage for a fire that damaged the Axson's home. The circuit court granted Unisun's motion for summary judgment. The Court of Appeals affirmed. *Axson v. A. Mortgage Co.,* — S.C. —, 441 S.E. (2d) 193 (Ct. App. 1994). A. Mortgage Company and H.C. McCain Agency (petitioners) now seek a writ of certiorari following the denial of their petitions for rehearing. We grant certiorari, dispense with further briefing, and affirm.

Petitioners argue that this case is governed by *Elias v. Firemen's Ins. Co. of Newark,* 309 S.C. 129, 420 S.E. (2d) 504 (1992), in which this Court held that where a policy remains in

full force and effect until its expiration date, the insurer is required, pursuant to S.C. Code Ann. 38-75-740 (1989), to either renew the policy or give written notice of its intent not to renew the policy. Petitioners contend that the policy in this case expired by its own terms on September 14, 1991, and, consequently, was nonrenewed; however, Unisun failed to send a notice of nonrenewal as required by § 38-75-740. They maintain that the Court of Appeals erred in failing to rely upon *Elias* to conclude that Unisun did not comply with § 38-75-740 and to conclude that coverage was in effect on the date of the fire.

The Court did in fact hold in *Elias* that under § 38-75-740 an insurer must renew the insurance policy or give written notice of its intent not to renew the policy. South Carolina Code Ann. § 38-75-720 (1989), however, defines "renew" as the issuance of or the offer to issue a policy succeeding a previous policy. In *Elias*, the insurer neither issued nor offered to issue a policy succeeding the previous policy, nor notified the insured in writing of its intent not to renew the policy; therefore, the policy remained in effect after the expiration date. The case at hand is distinguishable from *Elias*. In this case, Unisun offered to issue a policy succeeding the Axsons' previous policy. Since that act constituted a renewal of the policy, Unisun did not need to provide written notice of nonrenewal. We therefore affirm the decision of the Court of Appeals.

Affirmed.