THIS OPINION HAS
 NO PRECEDTIAL VALUE AND SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 D&N Realty,
 L.L.C., Respondent,
 v.
 CSB Development
 Co.,  Inc., Appellant.
 &
 HHI
 Corporation, Limited, Respondent,
 v.
 CSB Development
 Co.,  Inc., Appellant.
 
 
 

Appeal From Beaufort County
 Curtis L. Coltrane, Circuit Court Judge
Unpublished Opinion No.  2007-UP-402
Heard May 9, 2007  Filed September 28,
 2007
AFFIRMED

 
 
 
 Keating L. Simons, III, of Charleston, for Appellant.
 Drew A. Laughlin, of Hilton Head Island, for Respondent D&N
 Realty.
 Thomas Justin Finn, of Hilton Head Island, for Respondent HHI Corporation,
 Limited.
 
 
 

PER CURIAM:  Appellant
 claims the lower court erred in finding the deed restrictions at issue were
 real covenants which ran with the land and in failing to give effect to a
 cancellation of the deed restrictions.[1] 
 We affirm.
FACTS
This appeal involves multiple contiguous ocean front lots. 
 Appellant is the owner of Lots 3 and 4.  By deed dated June 28, 2001, Respondent
 D&N Realty purchased Lot 2, which is located adjacent to Lot 3, and
 subdivided it into four lots. Respondent D&N Realty has sold three of the
 subdivided lots and currently owns Lot 2(B).  By deed dated July 29, 2002,
 Respondent HHI Corporation purchased Lot 2(D), one of the lots subdivided from Lot 2, from Respondent D&N Realty.  Each of the lots involved in this action was once
 owned by Josephine Driessen.  On August 30, 1972, Driessen sold Lots 3 and 4 to
 Roscoe and Clara Mae Robinson.  The deed for the transaction contained the
 following restrictions:

 This conveyance is made by the Grantor and accepted by the
 Grantees subject to the restriction that that area shown on said plat as lying
 between the drainage ditch and the mean high water mark of the waters of the
 Atlantic Ocean shall be left unimproved and no structure of any nature
 whatsoever erected thereon without express written consent of the Grantor which
 may be arbitrarily withheld.  With regard to the remainder of the premises
 located west of the above-mentioned drainage ditch, it is understood and agreed
 that each of these lots is to be used for single-family residential purposes
 only and that no commercial activity of any nature whatsoever shall be
 established, kept or maintained thereon.

By written
 instrument recorded on September 28, 1972, the parties to the initial
 transaction altered the deed by rescinding the restrictions recited above and
 replacing them with the following: 

 It is understood and agreed by and between JOSEPHINE DRIESSEN and
 ROSCOE ROBINSON and CLARA MAE ROBINSON that Lots 3 and 4 as described in that
 Deed recorded in the Office of the Clerk of Court for Beaufort County, South
 Carolina, in Deed Book 201 at Page 936 shall not be used for construction of
 any type of amusement building thereon, nor shall any type of amusement
 facility be operated thereon.  It is further understood and agreed that ROSCOE
 ROBINSON and CLARA MAE ROBINSON, their Heirs and Assigns, shall not in any way
 alter or destroy the sand dunes existing on the property.

Driessen
 died on October 27, 1989.  On June 5, 2001, Appellant acquired the property
 from the Robinsons.  The deed from the Robinsons to the Appellant inadvertently
 contained the exact same restrictions originally included in the deed from
 Driessen to Roscoe and Clara Mae Robinson.    
On
 February 25, 2003, the Robinsons issued a second deed to correct the scriveners
 error by entirely removing the restrictions contained in the first deed to
 Appellant and replacing it with the following restrictions: 

 Lots 3 and 4 as described in that Deed recorded in Office of the
 Clerk of Court for Beaufort County, South Carolina, in Deed Book 201 at Page
 936 shall not be used for construction of any type of amusement building
 thereon, nor shall any type of amusement facility be operated thereon. 
 Further, [Grantee], its successor and assigns, shall not in any way alter or destroy
 the sand dunes existing on the property.

On
 March 8, 2003, Driessens surviving heirs executed an instrument titled
 AGREEMENT (Quitclaim Deed with Limited Warranty).  This agreement purported
 to release and relinquish any and all rights under the deed restrictions,
 cancel the deed restrictions, and render the restrictions null and void. 
 
Respondents
 initiated these actions seeking declaratory judgments as to the applicability
 of the restrictions with respect to Appellants property.[2]  Respondents claimed standing based
 on their properties and the property of Appellant being adjacent and sharing a
 common source of title, and Respondents claimed the restrictions in Appellants
 deed were valid and enforceable as real covenants which ran with the land.  Appellant
 contended the restrictions were personal to the Grantor and did not run with
 the land and contended the Respondents, as strangers to the transaction between
 Appellant and the Robinsons, lacked standing to seek a declaration or enforcement
 of the restrictions.
The
 lower court framed the issue as whether the restrictions contained in the
 instrument recorded on September 28, 1972, [are] real covenant[s] running with
 the land that can be enforced by subsequent grantees of Josephine Driessen. 
 By order dated March 5, 2004, the lower court held the restrictions were real
 covenant[s], running with the land, enforceable by Respondents.  This appeal
 follows.  
STANDARD OF
 REVIEW
A
 suit for declaratory judgment is neither legal nor equitable, but is determined
 by the nature of the underlying issue.  Felts v. Richland County, 303 S.C. 354, 356, 400 S.E.2d 781, 782 (1991). In the present case, the underlying
 issue is a declaration as to whether or not the restrictive covenants are
 enforceable.  Therefore, this is an equitable action.  See Hardy v. Aiken, 369 S.C. 160, 165, 631 S.E.2d 539, 541 (2006).  In
 an equity action, the appellate court may review the evidence to determine the
 facts in accordance with its own view of the evidence.  Florence County Sch.
 Dist. #2 v. Interkal, Inc., 348 S.C. 446, 450, 559 S.E.2d 866, 868 (Ct.
 App. 2002).  Furthermore, the appellate court is not bound by the trial courts
 legal determinations.  Swindler v. Swindler, 355 S.C. 245, 249, 584
 S.E.2d 438, 440 (Ct. App. 2003). 
LAW/ANALYSIS
Deed
 Restrictions
The lower court based its holding that the restrictions were real
 covenants and, therefore, ran with the land on the language contained in the
 preamble and express wordage of the instrument recorded on September 28, 1972. 
 The preamble to the instrument states that the Deed of Conveyance did contain
 certain restrictions and limitations running with the land and that Driessen
 was then desirous of releasing and/or modifying the restrictions.  The text
 of the instrument states that Driessen in substitution thereof does herewith
 impose the following restrictions upon the said property in lieu of those
 previously governing the same:

  It is understood and agreed by and between JOSEPHINE DRIESSEN and
 ROSCOE ROBINSON and CLARA MAE ROBINSON that Lots 3 and 4 as described in that
 Deed recorded in Office of the Clerk of Court for Beaufort County, South
 Carolina, in Deed Book 201 at Page 936 shall not be used for construction of
 any type of amusement building thereon, nor shall any type of amusement
 facility be operated thereon.  It is further understood and agreed that ROSCOE
 ROBINSON and CLARA MAE ROBINSON, their Heirs and Assigns, shall not in any way
 alter or destroy the sand dunes existing on the property.  

A restrictive covenant runs with the land, and is thus
 enforceable by a successor-in-interest, if the covenanting party intended that
 it run with the land, and the covenant touches and concerns the land.  West v. Newberry Elec. Co-op.,  357 S.C. 537, 542, 593 S.E.2d 500, 503 (Ct.
 App. 2004) (citing Marathon
 Fin. Co. v. HHC Liquidation Corp., 325 S.C. 589, 604, 483 S.E.2d 757, 765 (Ct. App. 1997)).  A
 party seeking to enforce a covenant must show it applies to the property either
 by its express language or by a plain and unmistakable implication.  Sea
 Pines Plantation Co. v. Wells, 294 S.C. 266, 363 S.E.2d 891 (1987).  
 

 Restrictive
 covenants are to be construed most strictly against the grantor and persons
 seeking to enforce them, and liberally in favor of the grantee, all doubts
 being resolved in favor of a free use of property and against restrictions.
 This rule, however, obtains only where the parties have failed to express their
 meaning with sufficient clarity to enable the court to say that its construction
 is plain and admits of no doubt; the rule will not be applied to defeat the
 obvious purpose of the restrictions, nor does it require an unnatural and
 strained construction of the words used; and before giving effect to the rule
 the court will have recourse to every aid, rule, or cannon of construction to
 ascertain the intention of the parties, since it is the duty of the courts to
 enforce, not to make, contracts. 

Stanton v. Gulf Oil Corp., 232 S.C. 148, 151, 101
 S.E.2d 250, 251 (1957) (citation omitted).
The express language of the preamble to the instrument executed by
 Driessen reveals that the original restrictions were intended to run with the
 land.  The language of the instrument also reveals that the purpose for
 executing the instrument was to substitute the original restrictions with the
 newly drafted restrictions.  Accordingly, the newly drafted restrictions would
 have the same future application as the original restrictions.  The instrument
 clearly illustrates Driessens intent to have the restrictions run with the
 land.  Moreover, as to the restriction prohibiting the altering or destruction
 of the sand dunes existing on Lot 3 and 4, the language of the restriction
 expressly states that that restriction is to apply to the heirs and assigns of
 the Robinsons.  
The
 generally accepted test provides that the benefit of a covenant meets the touch
 and concern requirement if the covenantees legal interest in land is rendered
 more valuable by the covenants performance. 5 R. Powell & P. Rohan, Powell
 on Real Property  673[2], at
 60-49-60-50 (rev. ed. 1996).  The restrictions at issue render the surrounding lots more valuable.  Eugene J. Laurich, the self
 proclaimed D in D&N Realty, testified that the restriction on Lot 3 and 4
 made Lot 2 more valuable because they insured Lots 2(B) and 2(D) would be
 entitled to an unobstructed view down the beach and across Folly Creek.  In his
 testimony, he cited the restrictions as being the reason D&N Realty decided
 to cease its initial efforts to purchase Lots 3 and 4 and to purchase Lot 2 instead.  These restrictions limit
 the use of the property by prohibiting
 the building or operation of any amusement facility on Lot 3 and 4 and by
 prohibiting the alteration or destruction of the sand dunes on Lots 3 and 4.  The
 restrictions also increase the value of Respondents property.   Accordingly, the restrictions touch and concern the
 land. See West v. Newberry
 Elec. Co-op.,  357 S.C. 537, 543,
 593 S.E.2d 500, 503 (Ct. App. 2004); See also Marathon Finance Co. v. HHC Liquidation Corp.,  325 S.C. 589, 606, 483 S.E.2d 757, 766 (Ct.
 App. 1997)(Cureton, J. dissenting).
 Because we find Driessen intended to have the restrictions run
 with the land and find the restrictions touch and concern the land, we affirm
 the lower courts determination that the restrictions are real covenants which
 run with the land and, therefore, are enforceable by Respondents.  
Cancellation
 of the Deed Restrictions
Our
 determination of the first issue is dispositive of this issue. See Futch v. McAllister Towing of
 Georgetown, Inc., 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an
 appellate court need not review remaining issues when its determination of a
 prior issue is dispositive of the appeal).
For
 the reasons stated above, the order of the lower court is  
AFFIRMED.
STILWELL,
 SHORT, and WILLIAMS, JJ., concur.

[1] The parties and the lower court refer to the
 pertinent section of the instrument as being a restriction.  There are two
 separate restrictions included in the section.  The first restriction is a
 prohibition against the building or operation of any amusement facility on Lots
 3 and 4, and the second restriction is a prohibition against altering or destroying
 the sand dunes on Lots 3 and 4.
[2] These actions were consolidated and tried together,
 and the parties submitted a consolidated record on appeal.  Accordingly, we
 have consolidated the opinions for these two cases.